WHITEFORD, TAYLOR & PRESTON L.L.P.
444 Madison Avenue, 4th Floor
New York, NY 10022
(914) 761-8400
klewis@whitefordlaw.com
pnussbaum@whitefordlaw.com
Kenneth M. Lewis
Paul M. Nussbaum

*Proposed Attorneys for the Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

                                           Chapter 11

Oaktree Ocala JV, LLC,

                                           Case No.

            Debtor.
-------------------------------------------------------x
In re:

                                           Chapter 11

ASAP Highline Ocala, LLC,

                                           Case No.

            Debtor.
-------------------------------------------------------x

**DECLARATION OF RAPHAEL C. MILSTEIN PURSUANT TO**
**RULE 1007-2 OF THE LOCAL BANKRUPTCY RULES**

     I, Raphael C. Milstein, make this declaration under 28 U.S.C. § 1746:

     1.     I am the Manager of Oaktree Ocala JV, LLC ("Oaktree") and ASAP Highline Ocala, LLC ("ASAP", together with Oaktree, the "Debtors").

     2.     I submit this Declaration pursuant to Rule 1007-2 of the Local Bankruptcy Rules.

**Background**

     3.     ASAP owns and operates a mobile home/RV park known as Oaktree Village/Greentree Estates, located in Ocala, Florida.

     4.     Oaktree, which is a holding company, is the sole member of ASAP.

5. On March 22, 2022, ASAP purchased 46.79 acres of real property located in Ocala, Florida (the "Property") for $15 million. The Property consists of 140 double-wide manufactured homes and 221 residence/multifamily apartment units, as well as a pool, clubhouse and other amenities. The Property also includes 3.8 acres of undeveloped land. ASAP intended to develop and stabilize the Property, renovate the units, RV spaces and amenities over the following two years.

**Loan Agreement with CPIF and Circumstances Leading to the Chapter 11 Cases**

6. Pursuant to a Loan Agreement dated November 17, 2022, between ASAP and CPIF, CPIF agreed to provide financing for both the purchase of the Property, as well as expected capital improvements ASAP intended to make to the Property. ASAP executed a Promissory Note dated November 17, 2022, in the principal amount of $18 million, with interest at 11.5%. As security for repayment of the Loan, ASAP executed a Mortgage granting to CPIF a security interest in the Property, and an Assignment of Leases and Rents, which, upon information and belief, were recorded in Marion County, Florida on November 30, 2022.

7. Pursuant to a Pledge Agreement dated November 17, 2022, Oaktree pledged its membership interest in ASAP as additional collateral for ASAP's repayment of the Loan.

8. Saul Horowitz and Mosher Wiedermann also executed a Payment of Performance Guaranty with respect to the Loan.

9. At closing, CPIF disbursed a total of $11,023,000. The remaining amount of the Loan was allocated to various reserves, including a $2.5 million interest reserve, and $4,360,000 for future loan advances.

10. However, CPIF failed to fund the future loan advances. ASAP only received approximately $12,305,244.90 of the $18 million loan amount. CPIF also failed to fund a tax

escrow account of $117,000 to cover property taxes and insurance, despite charging interest on such amounts.

11. As a result of CPIF's failure to fund or timely fund loan advances, which were necessary to remodel and upgrade the Property, ASAP incurred significant losses, and was unable to refinance the Loan prior to its November 17, 2024, maturity date.

12. Notwithstanding its failure to honor its obligations under the Loan Agreement, on December 17, 2024, CPIF commenced a foreclosure action in the Circuit Court of the Fifth Judicial Circuit in Marion County, Fl (No. 2024-CA-002372 (3-C)) (the "Foreclosure Action").

13. In its Complaint, CPIF alleges that as of November 17, 2024, ASAP owes CPIF more than $14,200,000, which, amount, it claims, has increased and continues to increase.

14. On March 10, 2025, ASAP filed its Answer and Affirmative Defenses. On June 19, 2025, ASAP filed its Counterclaim, on June 30, 2025, ASAP filed its Amended Counterclaim, and on July 25, 2025, ASAP filed its Second Amended Counterclaim for damages against CPIF.

15. On May 14, 2025, CPIF unilaterally withdrew $723,391.81 from ASAP's operating account pursuant to deposit account control agreement.

16. Instead of waiting for the Foreclosure Action to reach its conclusion (including adjudicating the affirmative defenses and ASAP's counterclaim), on May 15, 2025, CPIF scheduled an Article 9 UCC Sale of Oaktree's membership interests in ASAP, to take place on July 29, 2025.

17. While, on July 9, 2025, ASAP filed a motion seeking a temporary restraining order or preliminary injunction of the sale, on July 24, 2024, the court denied ASAP's motion.

18. Based on the foregoing, it has become increasingly difficult to either sell or refinance the Property. Moreover, if CPIF could have purchased Oaktree's 100% membership

interest in ASAP through a credit bid of its disputed, contingent and unliquidated claim, which is also subject to setoff, CPIF would have effectively short-circuited a judicial resolution of ASAP's defenses and counterclaims in the Foreclosure Action and allowed CPIF to take over the Property.

19. In these chapter 11 cases, ASAP expects to obtain a resolution of the disposition of the Property though either a sale or refinancing, including with a return to all creditors, without the interference of a premature sale of Oaktree's membership interest in ASAP, before allowing a court to resolve both CPIF's claims, and ASAP's defenses and counterclaims.

### Information Required by Rule 1007-2 of the Local Bankruptcy Rules

20. In addition to the foregoing, Rule 1007-2 of the Local Bankruptcy Rules requires certain information related to the Debtors, which is set forth below.

21. Local Rule 1007-2(a)(2). These cases were not originally commenced under chapter 7 or 13 of the Bankruptcy Code.

22. Local Rule 1007-2(a)(3). Upon information and belief, no committee was organized prior to the commencement of these chapter 11 cases.

23. Local Rule 1007-2(a)(4). Oaktree does not have any unsecured creditors.

24. A list containing the names and addresses of holders of ASAP's 20 largest unsecured claims, excluding "insiders", is annexed as **Exhibit A**.

25. Local Rule 1007-2(a)(5). Oaktree has one secured creditor.

| Secured Creditor | Amount of Claim | Description |
| --- | --- | --- |
| CPIF MRA, LLC<br>c/o Columbia Pacific Advisors<br>1910 Farview Avenue East, Suite 200<br>Seattle, WA 98102<br>Attn.: Kevin Quinn<br>kevinq@columbiapacific.com<br><br>Phillip M. Hudson III<br>Morgan L. Swing<br>Duane Morris LLP<br>201 S. Biscayne Blvd.<br>Suite 3400<br>Miami, FL 33131<br>pmhudson@duanemorris.com<br>mlswing@duanemorris.com | Asserted claim of $14,200,000 (Disputed, contingent, unliquidated, and subject to setoff) | Pledge Agreement (see above) |

26. ASAP has 2 secured creditors.

| Secured Creditor | Amount of Claim | Description |
| --- | --- | --- |
| CPIF MRA, LLC<br>c/o Columbia Pacific Advisors<br>1910 Farview Avenue East, Suite 200<br>Seattle, WA 98102<br>Attn.: Kevin Quinn<br>kevinq@columbiapacific.com<br><br>Phillip M. Hudson III<br>Morgan L. Swing<br>Duane Morris LLP<br>201 S. Biscayne Blvd.<br>Suite 3400<br>Miami, FL 33131<br>pmhudson@duanemorris.com<br>mlswing@duanemorris.com | Asserted claim of $14,200,000 (Disputed, contingent, unliquidated, and subject to setoff) | Loan Agreement (see above) |

| Marion County, FL<br>George Albright<br>Marion County Tax Collector<br>503 SE 25th Avenue<br>Ocala, FL 34471 | $235,301.60 | Property Taxes |
|---|---|---|

27. Local Rule 1007-2(a)(6). Oaktree is a holding company, which holds 100% of the membership interests in ASAP. As discussed, pursuant to a Pledge Agreement dated November 17, 2022, Oaktree pledged its membership interest in ASAP as additional collateral for ASAP's repayment of the Loan.

28. A summary of ASAP's assets and liabilities are: Assets consist of the Property, including land, improvements, RV sites, infrastructure, buildings, a mobile homes and a vacant lot: $20,800,000. Liabilities consist of the asserted claim of CPIF of $14,200,000, which is disputed, contingent, unliquidated, and subject to setoff, and general unsecured claims of approximately $135,000.

29. Local Rule 1007-2(a)(7). There are no publicly held securities of the Debtors.

30. Local Rule 1007-2(a)(8). Provide a list of all of the debtor's property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity, giving the name, address, and telephone number of each such entity, the title of any proceeding relating thereto, and the court in which it is pending. None.

31. Local Rule 1007-2(a)(9). A list of the premises owned, leased, or held under any other arrangement from which the debtor operates its business. Oaktree operates its business out of my home located at 3 Linda Dive, Suffern, NY 10901.

32. ASAP operates its business from my home located at 3 Linda Dive, Suffern, NY

10901 and from the Property, located at 4039 NW Blitchton Rd., Ocala FL 34475.

33. Local Rule 1007-2(a)(10). Oaktree's substantial assets, and its books and records, are located at 3 Linda Drive, Suffern, NY 10901. No property of Oaktree is located outside the territorial limits of the United States.

34. ASAP's books and records are located at 3 Linda Drive, Suffern, NY 10901. Other books and records, and ASAP's substantial assets, are located at the Property, located at 4039 NW Blitchton Rd., Ocala Fl 34475. No property of ASAP is located outside the territorial limits of the United States.

35. Local Rule 1007-2(a)(11). Other than the scheduled sale of Oaktree's membership interests in ASAP discussed above, there are no actions or proceedings against the Debtors or their property where a judgment against the Debtors or a seizure of their property may be imminent.

36. Local Rule 1007-2(a)(12). The individuals who comprise Oaktree's existing senior management, their tenure with Oaktree, and a brief summary of their relevant responsibilities and experience: I am the manager of Oaktree. I have been the manager since Oaktree's inception in 2022. As manager, my responsibilities include financial and other reporting to Oaktree's members and preparing tax returns and related filings.

37. The individuals who comprise ASAP's existing senior management, their tenure with ASAP, and a brief summary of their relevant responsibilities and experience: I have been managing the ground operations since ASAP purchased the property in 2022. Since January 2025, I have taken over all other senior management responsibilities for ASAP and the Property. Other members of senior management included David Bloch, who was primarily responsible for raising capital and reporting to investors/members from the time of ASAP's inception until January 2025. Max S. Echuz was responsible for all financial aspects of the Property from the time ASAP

purchased the Property until January 2025.

38. Local Rule 1007-2(b)(1). The estimated amount of the weekly payroll to employees (exclusive of officers, directors, stockholders and partners) for the thirty (30) day period following the filing of the chapter 11 petition is $0 for Oaktree and approximately $32,000 for ASAP.

39. Local Rule 1007-2(b)(2). The amount paid and proposed to be paid for services for the thirty (30) day period following the filing of the chapter 11 petition to officers, members, stockholders and directors is $0 for Oaktree and $12,900 for ASAP.

40. Local Rule 1007-2(b)(3). Attached as **Exhibit B** is a schedule for ASAP for the thirty (30) day period following the commencement of these cases, of estimated cash receipts and disbursements, net cash gain or loss, or obligations and receivables expected to accrue but remain unpaid, other than professional fees.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 29, 2025

> */s/ Raphael C. Milstein*
> Raphael C. Milstein